**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOE MASON, | ) | |
| | ) | |
| Plaintiff, | ) | NO.  CIV-05-1464-HE |
| | ) | |
| BRUCE THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Joe Mason filed this action in state court on November 10, 2005, against defendants Bruce Thompson, American Auto Exchange, Inc. ("American Auto"), J.M. Family Enterprises, Inc. ("J M Enterprises")[1] and Auction Broadcasting Co., LLC ("ABC"). Defendant Thompson removed the case on December 19, 2005, asserting the court has diversity jurisdiction.  He alleges that he is a citizen of Texas, that the plaintiff is an Oklahoma citizen, and that none of the other defendants are either incorporated in Oklahoma or have their principal places of business here.

On January 17, 2006, Thompson requested leave to file an amended notice of removal, seeking to allege that ABC was fraudulently misjoined and to specify the states of incorporation and principal places of business of defendants American Auto, J M Enterprises and ABC, and the states of citizenship of the owner-members of ABC.  The next day the plaintiff filed a motion to remand, contending the notice of removal was defective because it did not allege complete diversity, due to its failure to mention the citizenship of the members of ABC, a limited liability company.  *E.g*. Muhlenbeck v. KI, LLC, 304 F.Supp.2d

---

[1]The plaintiff has dismissed his claim against J M Enterprises.

797, 798 (E.D.Va. 2004) (for diversity purposes, a limited liability company is a citizen of every state in which any owner or member of the LLC is a citizen). The plaintiff contends that the deficiencies in the notice of removal cannot be corrected because the defendant seeks to add new or missing jurisdictional allegations, rather than merely amend defective allegations, after the thirty day removal period has lapsed.

"A defendant is free to amend a notice of removal within the thirty day period as set forth in [28 U.S.C.] § 1446(b)."[2] Marshall v. Skydive America South, 903 F.Supp. 1067, 1070 (E.D. Tex. 1995). *Accord* Muhlenbeck, 304 F.Supp.2d at 799; 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 at 357 (3d ed.1998) ("The notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal....") (hereinafter "Wright & Miller"). After the thirty day period has expired, any amendments to the notice must be made pursuant to 28 U.S.C. § 1653, Marshall, 903 F.Supp. at 1070, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[3] While § 1653 permits technical defects in a notice of removal to be corrected, it does not allow the addition of a new ground for removal. Whitehead v. The Nautilus Group, Inc., 2006 WL 1027147, at * 5 (W.D.Ark. 2006); 14C Wright & Miller,

---

[2] Although defendant Thompson does not specify when he was served, the plaintiff states in his response to the defendant's motion that service occurred on November 29, 2005, which was more than thirty days before Thompson filed his motion to amend.

[3] The statute applies to removal petitions as well as original complaints. Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 302 at n.10 (10th Cir. 1968).

§ 3733, at 358-61 ("[A]mendment of the removal notice ... may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount.  Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.") (footnote omitted).

Here Thompson seeks to make both a substantive change and a technical amendment. While he will not be allowed to add fraudulent misjoinder as a new basis for removal,[4] *see e.g.* Tincher v. Ins. Co. of Pa., 268 F.Supp.2d 666, 667-68 (E.D.Va. 2003), he will be permitted to correct his "imperfectly stated" or defective allegation of diversity jurisdiction by specifying the citizenship of the members of the LLC.[5] Muhlenbeck, 304 F.Supp.2d at 800-02; *see* Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 300-02 (10th Cir. 1968). The court in Muhlenbeck applied a two step analysis in determining if a removal petition could be amended under § 1653.  First, it determined whether the defendant had "omitted completely" or "imperfectly stated" a ground for removal.  If a basis for removal had been omitted completely the court lacked discretion to permit an amendment and the case had to be remanded.  If, however, the defendant had imperfectly stated a ground for removal, the court would then proceed to determine if it should exercise its discretion and allow the

---

[4]Defendant Thompson's inability to amend the notice of removal to allege fraudulent misjoinder does  not, however, preclude him from raising the misjoinder issue.  See Fed.R.Civ.P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiatives at any stage of the action and on such terms as are just.")

[5]The plaintiff asserts that Thompson improperly designated ABC as a corporation in the notice of removal.  While the defendant did refer to the entity as a corporation, the "LLC" after its name designated it as a limited liability company.  The mistake is technical and correctable.

amendment. The court found that the defendant in <u>Muhlenbeck</u> had imperfectly stated its ground for removal, as it had pled in the original petition that complete diversity existed between the parties, that the plaintiff was a domiciliary of Virginia and that the defendant was a limited liability company organized under the laws of Alaska with its principal place of business in Colorado. The defendant had "alleged all of the grounds necessary for removal in its original removal petition, but it imperfectly alleged its own citizenship." *Id*. at 801. The court then proceeded to determined whether the amendment was material – would it lead to a significant factual dispute – or merely technical, finding it was the latter because the citizenship of the two entities which comprised the limited liability company was undisputed. Here, too, the plaintiff has not asserted that complete diversity does not exist with respect to the members of ABC, but instead than their citizenship was not specifically alleged by Thompson in the notice of removal.

The Tenth Circuit considered the scope of § 1653 in <u>Hendrix</u>, 390 F.2d at 300-02, concluding the statute authorized the amendment of a removal petition to allege the corporate defendant's principal place of business and the plaintiff's state of citizenship.[6] The jurisdictional allegations in the removal petition consisted solely of statements that the federal court had original jurisdiction, and that the action was between citizens of different states and was removable. In discussing § 1653, the court stated:

> Without questioning that removal requirements should be strictly applied, the

---

[6] The complaint recited that the plaintiff was a resident of New Mexico and that the corporate defendant did business in that state. The verification of the removal petition indicated that the defendant insurance company was a Maryland corporation.

>   statute authorizing correction of defects by amendment to conform to the true facts should not be dissipated in the process, but should be given practical effect in accordance with its apparent intent. To be unduly restrictive in determining 'defects' amendable under the statute in removal proceedings in principle would preclude the practical correction of similar inadvertences in proceedings originally brought in the federal courts, since the statute concerning amendments pertains to both.

*Id.*

Here, as in Hendrix, the defendant alleged that the court has "original jurisdiction because of the diversity of citizenship ...." Notice of Removal, p. 2. Although a close question, the court concludes that under the liberal amendment policy sanctioned by the Tenth Circuit in Hendrix, the defendant should be granted leave to amend the notice of removal to allege the states of citizenship of the various owners of the LLC. He also will be permitted in his amended notice to specify the states of incorporation and principal places of business of defendants American Auto and J M Enterprises.[7] The latter changes were not challenged by the plaintiff and also fall within the scope of § 1653.

Accordingly, defendant Thompson's motion to file an amended notice of removal [Doc. # 10] is **GRANTED** and the plaintiff's motion to remand [Doc. # 11] is **DENIED**. Defendant Thompson is directed to file the amended notice by Friday, April 28, 2006.

---

[7]Although defendant Thompson also requested leave to specify the state of incorporation and principal place of business of defendant ABC, that is unnecessary, as it is an unincorporated association and, as has been discussed, its citizenship is determined by that of its members.

IT IS SO ORDERED this 27th day of April, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE